J. T. ADAMS v. J. N. WEAKLEY.

Decided April 2, 1904.

1.—Charge—Ignoring Issue—Public Road—Telephone Line.
   Plaintiff's petition claimed damages for injuries resulting from a tele-
phone line being permitted to hang too low across a first-class public road
he was traveling, and defendant's answer having alleged that there was no
public road at the place of the accident, plaintiff replied by supplemental
petition that if the road was not a public county road it was one continu-
ously traveled by the public; and the evidence showed that the injury oc-
curred at a point where the road as traveled by the public deviated from
its line as established by the commissioners court. Held, that it was erro.'
for the charge to ignore the issue thus raised and make plaintiff's right of
recovery dependent on the road being a lawfully established first-class pub-
lic road at the place of the accident, as the deviation of the road at that
point was immaterial.

2.—Same—Undue Prominence.
   A charge which repeatedly submits the issue of contributory negligence
is erroneous as giving that matter undue prominence.

Appeal from the District Court of Jones. Tried below before Hon.
H. R. Jones.

C. H. Steele and James P. Stinson, for appellant.

L. H. McCrea and C. C. Ferrell, for appellee.

STEPHENS, ASSOCIATE JUSTICE.—The wire of a telephone line be-
longing to appellee, which was hanging down across a public road in
Jones County, struck the top of appellant's wagon frame, and by fright-
ening the team of mules he was driving caused them to run away and
throw him out, which resulted in the personal injuries made the basis of
this suit.

In the amended original petition it was alleged that the road across
which the wire was hanging was a public road of the first class between
Anson and Stamford in Jones County. In the original answer, besides
the general denial, it was specially pleaded that appellee's telephone line
"was not situated across a public road at the time of the alleged injury,
but that said line was situated across the open and uninclosed prairie
country at a distance of two hundred yards or more from any public
road." In the supplemental petition it was alleged "that if defendant's
telephone line was not across the public road from Anson to Stamford
when plaintiff came in contact with same, * * * defendant negli-
gently permitted and caused said telephone wire to come loose from a
post to which it had been attached, and get down within about five feet of
the ground across a road which was continuously traveled by the public
leading from said town of Stamford in the direction of said town of
Anson."

The issues so made by the pleadings were also raised by the evidence,
that is, there was testimony tending to prove that the road as traveled by
the public at the place of the accident deviated from the Stamford and
Anson road as established by the commissioners court.

In submitting the case to the jury, both in the main charge and in two special charges given at the request of appellee, the court followed literally the allegations of the amended original petition, and, by rejecting appellant's second special charge, refused to submit the issue tendered by the answer and supplemental petition; and in thus making appellant's right to recover depend on whether he was traveling a lawfully established first-class public road at the place of the accident submitted the case to the jury on a false issue. The deviation of the road at that point was wholly immaterial.

The court also erred in repeatedly submitting to the jury the issue of contributory negligence. One clear and full submission of an issue is all that is required, and more is liable to give it undue prominence, as has been often held.

The definition of ordinary care given in the sixth paragraph of the charge has been more than once disapproved, as will be seen from an examination of the cases cited by appellant.

The issue of exemplary damages was not raised by the evidence and should not have been submitted, but no harm resulted from this error.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*